UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL MCNULTY,
        Plaintiff

v.

AETNA LIFE INSURANCE COMPANY,
        Defendant

CIVIL ACTION NO.

05-40114FD5

ANSWER OF
DEFENDANT, AETNA LIFE INSURANCE COMPANY TO COUNT I OF THE
COMPLAINT ONLY

_____

**PARTIES**

1. Upon information and belief, the defendant admits the allegations of this paragraph.

2. The defendant admits the allegations contained in this paragraph.

**JURISDICTION**

3. To the extent that the allegations contained in paragraph 3 of the Plaintiff's Complaint consist of conclusions of law, no answer is required. To the extent that any of the allegations in this paragraph may be construed as requiring an answer from the Defendant, Defendant admits that this is an action for benefits under an ERISA welfare benefit plan and that this is an action for benefits under Section 502(a)(1)(B) of ERISA that Plaintiff alleges are due to him. Any remaining allegations in this paragraph are denied.

**COUNT I**

4. The defendant admits only that on or shortly before April 5, 2000, the plaintiff submitted an application to it for long term disability benefits.

5. The defendant admits only that on May 5, 2000, the defendant issued a letter to the plaintiff informing him that long term disability benefits would be provided to him subject to the governing terms of the benefit plan at issue.

6. The defendant admits only that the plaintiff was receiving workers compensation benefits at the time he began receiving long term disability benefits and that Aetna applied an offset as a result in accordance with the applicable plan terms. All remaining allegations in this paragraph are denied.

7. The defendant admits only that, upon information and belief, the plaintiff entered into a lump sum settlement in the amount of $90,000 of his workers compensation claim on or about September 30, 2002, that purports to allocate the settlement to attorney's fee, attorney's expenses, inchoate rights, §36 benefits, future psychological/psychiatric treatment and future vocational rehabilitation costs. The defendant denies the remaining allegations contained in this paragraph.

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

## COUNT II

10. - 14. Count II fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendant has filed a motion to dismiss this count and shall answer it if the court denies the motion to dismiss.

### RELIEF SOUGHT

The defendant denies that the plaintiff is entitled to any of the relief sought in the complaint, requests that the Court declare that the offset applied by Aetna is correct under applicable law and the terms of the disability benefit plan in question, and that the Court therefore dismiss the plaintiff's action, with prejudice.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is only entitled, if at all, to the specific items of relief granted by the Employee Retirement Income Security Act ("ERISA") and cannot recover any sums or other relief sought by him that are not specifically provided for by ERISA.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is not entitled to the payments and other relief sought by him under the terms and conditions of any insurance policies, contracts or plans at issue.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim for denial or underpayment of benefits under ERISA because the defendant's actions were not arbitrary and capricious and, therefore, are not subject to further review. In the alternative, plaintiff cannot state a claim for denial or underpayment of benefits under ERISA because the defendants' actions were reasonable and appropriate as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that the defendant has acted in bad faith such that plaintiff would be entitled to attorney's fees under ERISA and cannot otherwise establish the prerequisites necessary for an award of attorney's fees.

### SIXTH AFFIRMATIVE DEFENSE

Any causes of action, theories of recovery or items of relief sought by the plaintiff under state law or that are not expressly granted under ERISA are preempted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for equitable relief under ERISA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that he lacks an adequate remedy at law or otherwise establish the elements necessary to support a claim for equitable relief under ERISA.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of laches and/or by the plaintiff's unclean hands.

## TENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to any payment of benefits, any such payment must be reduced and offset by any "other income" as provided by the terms of the plan and policy.

## ELEVENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to any payment of benefits, such benefits are limited by the terms of the plan and policy and are restricted to the amount and duration set forth under those documents.

Respectfully submitted,

**Aetna Life Insurance Company**
By its attorneys,

**Dated:** September 15, 2005

/s/ *Stephen Rosenberg*
_____
Stephen D. Rosenberg
**The McCormack Firm**
One International Place - 7th Floor
Boston, MA   02110
Ph:  617/951-2929

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by depositing a copy hereof in the U.S. Mail, postage prepaid, addressed to:

          Walter J. Korzeniowski    [BBO #548866]
          **Law Offices of Walter J. Korzeniowski**
          448 Turnpike Street
          South Easton, MA   02375
          Ph:   508/238-6200
          *[Attorney for Plaintiff]*

**DATED** this 15th day of September, 2005.

          _____
          Stephen D. Rosenberg
          **The McCormack Firm**
          One International Place - 7th Floor
          Boston, MA   02110
          Ph:   617/951-2929
          *[Attorney for Defendant, Aetna]*

77107.1